JOURNAL ENTRY and OPINION
{¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant, Michael Beasley ("appellant"), appeals his consecutive sentence he received for pleading guilty to a probation violation for possession of drugs. Appellant's community control was terminated and the trial court imposed a six-month prison term to run consecutive to the prison terms imposed in the other two cases that were pending before the court.[1]
 {¶ 2} Appellant's sole assignment of error contends that the trial court erred in imposing a consecutive sentence because the trial court failed to set forth one of the enumerated circumstances under R.C.2929.14(E)(4)(a) through (c). Appellant's assertion, however, is without merit.
 {¶ 3} R.C. 2929.14(E)(4) provides in full:
 {¶ 4} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 5} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 6} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 7} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 8} Here, the trial court specifically found, pursuant to R.C.2929.14(E)(4)(a), that appellant committed the offense of possessing drugs in the instant matter while under probation. Because this finding fully comports with the requirements of R.C. 2929.14(E)(4), appellant's assignment of error is overruled and his consecutive sentence is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
McMonagle, J., concurs. Gallagher, P.J., concurs in judgment only.
[1] In case number 445078, appellant pled guilty to drug trafficking with a juvenile specification and was sentenced to two years in prison. In case number 450619, appllant pled guilty to assault on a police officer and was sentenced to six months in prison. These two sentences were to run consecutive to each other pursuant to a plea agreement between the state and appellant.